## No. 10,385.

### THE STATE OF LOUISIANA vs. JOE JOHNSON, ET ALS.

An attachment cannot be required against an absent witness, when it appears that he is not in the State and was not served and there is no showing that the accused did not know of his absence, that his testimony is material and that his attendance can be secured for an early trial.

A previous statement, made at the calling of the case, on inquiry by the court, that only one attachment would be desired against an absent witness, not the one out of the State, is a waiver of all attachments against all other witnesses.

No question, the object of which is to impeach the testimony of a witness, can be put, unless a foundation for it has been previously laid and the witness put on his guard.

Arraigning a witness who refuses to testify in a case in which he is a co-defendant with one on trial, and who has severed in his defense, is no irregularity which vitiates the proceedings as to the accused at the time on trial by the jury.

A statement by the trial judge that evidently an effort is made to intimidate the witness on the stand, is not a comment on the facts.

A question to ascertain the general reputation of the witness for truth and veracity, must seek to elicit the information for such, in the neighborhood in which he lives.

A statement of what another said, touching the condition of a particular spot, at a specified time, may be admitted to establish one of the mediums by which a successful search was made for the weapon used in the commission of the offense charged.

The reception of such statement cannot be complained of, in the absence of a showing that it unduly influenced the jury or injuriously affected the accused.

Jurors, without any charge from the court, know that testimony of that character can, at best, be only circumstantial, particularly in criminal cases, in which substantial and convincing proof is required for conviction.

The fact that the trial judge admitted two of the co-defendants to bail cannot be established to conduce to the innocence of the other accused.

Such action, if allowed to be proved, might be considered as a comment on the facts by the

judge who would not have been allowed the privilege of bail, where the proof is evident or the presumption great.

Compulsory process against witnesses will not be granted, where the testimony would be cumulative only of that heard on the trial, and due diligence was not used to secure the attendance of the witnesses for the trial.

Testimony to show the spot at which was found the weapon with which the crime was committed is admissible.

A question, put a witness on his own *voir dire*, to affect his credibility, and not allowed to be answered, cannot serve as a matter of complaint where the witness was not heard otherwise in the case.

APPEAL from the Thirteenth District Court, Parish of St. Landry. *Lewis*, J.

*Walter H. Rogers*, Attorney General, for the State, Appellee.

*Jules Gil, H. L. Garland, Jr., Kenneth Baillio, E. P. Veazie* and *W. S. Frazee* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J. Joe Johnson, John Hardy and two others were prosecuted for murder. The former were found guilty without capital punishment and sentenced to hard labor for life. The latter were acquitted. Johnson had severed in his defense. Hardy alone appeals from the verdict and sentence.

The transcript contains eleven bills of exception and a motion for a new trial.

In their brief, counsel for appellant allude to many of them, saying merely, that they are all well founded, and calling the attention of the court to the remaining ones taken to the refusal of the trial judge to allow them to cross-examine Joe Johnson, a co-defendant, to grant a continuance, a new trial, and to issue compulsory process against certain witnesses.

The bills will, nevertheless be considered *seriatim*.

I.

The first bill relates to the refusal of the trial judge to issue an attachment for Hudson, an absent witness.

It appears that this witness had not been served, because not found, as he was then in Arkansas, and was not served.

The accused made no showing to establish that he did not know of the absence of the witness, that his testimony was material, or that his attendance could be secured for an early trial.

It also appears that on the day previous, when the case was called and taken up, counsel for the accused, after ascertaining that this witness could not be found, stated, in answer to inquiries from the court, that another witness, Emily Williams, was the only one for whom an attachment was desired.

This was a waiver of attachments against all other witnesses. The motion presented no merit, and apparently made for delay, was properly declined.

## II.

The second bill refers to the refusal of the judge to compel Johnson, while a witness on the stand, to answer questions touching certain statements said to have been made by him.

The object in view appears to have been, in putting the questions, to impeach his veracity as a witness.

As no foundation had been previously laid to put this witness on his guard, and such was essential, the court was bound to protect him, and ruled correctly.

## III.

The third bill relates to the refusal of the court to allow a continuance, owing to the absence of the witness Hudson.

What has already been said to justify the court in refusing an attachment against this witness, is a ready answer to the complaint of the refusal to continue the case owing to his absence.

## IV.

The fourth bill refers to the arraignment of the co-defendant Johnson, in presence of the jury before which Hardy was being tried.

As already stated, Johnson had severed in his defense. Put on the stand by the State, he refused to testify, on warning by the court that his testimony might be used against him, on his trial for the same offence. On his refusal to testify, he was arraigned.

It appears that the court allowed the arraignment to give the State time to serve copy of the *venire* and indictment on Johnson, to expedite his trial at that term of the court.

The State had a right thus to arraign the accused, as it had to arraign any other accused, and the jury had no right to consider the arraignment as having any connection with Hardy's case before them.

It is not perceived, nor has it been shown, how this arraignment could have illegally and injuriously influenced the jury on the occasion.

The judge did not err.

## V.

The fifth bill relates to a remark made by the judge while Johnson was on the stand, which was, that it was perfectly evident that an effort was being made by defendants' counsel to *bulldoze* him.

The objection that this remark amounts to pronouncing on the facts, which are within the province of the jury alone, is too trivial to receive .an extended notice. The judge, however, has given satisfactory reasons to show, how this remark was induced and justified.

## VI.

The sixth bill refers to the refusal of the judge on objection to allow the following question to be put to a witness on the stand :

" Do you know the general reputation of Jos. Johnson for truth and veracity ?"

The court ruled that the question was not in proper form, as it did not call for the general reputation of the witness in the neighborhood in which he lived.

The question ought to have embraced at least that material element, and was properly excluded.

## VII.

The seventh bill relates to the admission of the statement of a witness that another had told him " that the pond was dry."

The admission was opposed, because hearsay, and the declaration was made out of the presence of the accused.

The judge says that the question was designed to establish one of the mediums of information by which the sheriff was enabled to make a successful search of the knife alleged to have been used by one of the accused.

No showing is made to justify the slightest suspicion or inference that the statement could have, or had any influence on the jury, or that the accused would be or was injuriously affected by it.

Jurors know, without any charge from the court, that such evidence must be barren of effect, particularly in criminal cases, in which substantial and convincing proof is required for conviction.

## VIII.

The eighth bill refers to the refusal of the judge to allow the defendant to introduce evidence to show that he had allowed two co-defendants the privilege of bail.

Had the judge admitted the proof, he might have been amenable to the charge of indirectly commenting on the facts, as he would not have

permitted release on bail, had the proof been evident, or the presumption great.

### IX.

The ninth bill relates to the refusal of the judge to grant compulsory process against witnesses to substantiate the grounds upon which the motion for a new trial was founded and to grant the new trial.

It appears that the facts intended to be proved had been established at the trial and that the testimony would have been cumulative only, and that the defendant had not used due diligence, as he could and should have done, to secure the other witness, to testify before the jury.

The reasons given by the judge amply support his ruling.

### X.

The tenth bill refers to the admission of the statement of the sheriff, as a witness, that the knife with which the throat of the deceased had been cut, had been thrown in the pond.

The court received the statement as corroborative of a kindred matter testified to by another witness and as designed to establish a fact which induced the sheriff to take action, which he detailed to the jury.

The court properly received the testimony.

### XI.

The eleventh and last bill relates to the refusal of the judge to allow a question to be put to Johnson recalled, after he had been examined on his *voir dire* and declared competent.

The question was put during a second examinatian on his *voir dire ;* but was not allowed to be answered, as it did not affect his credibility and he was not heard otherwise in the case, because he would not testify.

### XII.

It is needless to consider the motion for a new trial and the *affidavit* in support, as its merits have already been tested and received attention in passing upon the ninth of bill of exception.

Judgment affirmed.